**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| K.C.R., | **Civil Action No. 22-06899 (SRC)** |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff K.C.R. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, filed March 4, 2020, alleging disability beginning February 26, 2020. The claim was originally denied on October 5, 2020, and upon reconsideration on March 30, 2021. A hearing was then held before Administrate Law Judge Dina R. Lowey (the "ALJ") on July 13, 2021, and she issued an unfavorable decision on November 3, 2021. Plaintiff again sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the November 3, 2021 decision, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b), with certain additional exertional and nonexertional limitations. At step four, the ALJ also found that Plaintiff had no past relevant work experience. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy that the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff has not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded because, at step four, the RFC determination is not supported by substantial evidence for two reasons: First, Plaintiff argues that the ALJ's mental RFC determination is not supported by substantial evidence and is a product of legal error because the ALJ did not properly evaluate the opinion of Dr. Shaik Abubakar. And second, Plaintiff asserts that the ALJ's physical RFC determination was not supported by substantial evidence because the ALJ rejected the only opinion evidence in the record.

In reviewing the ALJ's determination, this Court must affirm the Commissioner's final decision if it is "supported by substantial evidence." 42 U.S.C. § 405(g). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Further, on appeal, Plaintiff bears two burdens of proof. Plaintiff first bears the burden of proving disability at the first four steps of the analysis. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Second, on appeal, Plaintiff bears

the burden of showing not only that the Commissioner erred, but that the error was harmful. Shinseki v. Sanders, 556 U.S. 396 (2009). At the first four steps, this requires that Plaintiff show that, but for the error, she might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

For a district court to be able to find that an ALJ's opinion is supported by substantial evidence, that ALJ must explain their reasoning such that their determination is amenable to meaningful review. See Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119 (3d Cir. 2000). While the ALJ is not required to "use particular language or adhere to a particular format in conducting his analysis," he must provide "sufficient . . . explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).

This Court finds the ALJ's opinion does not permit meaningful judicial review, within the meaning of Burnett, because the ALJ failed to provide enough explanation to connect the evidence of record to the summary paragraph at the end of the step four RFC analysis, and the ALJ provided no explanation to connect the summary paragraph to the actual ultimate RFC determination. As the Third Circuit stated in Burnett, "[b]ecause we have no way to review the ALJ's hopelessly inadequate step three[1] ruling, we will vacate and remand the case for a discussion of the evidence and an explanation of reasoning." 220 F.3d at 120.

In articulating the RFC, the ALJ first described the Plaintiff's testimony at her hearing as well as the medical evidence in the record. She then stated that the Plaintiff's allegations were "not fully supported by the medical evidence." (Tr. 23). Finally, she provided the following

---

[1] In the instant case, it is the step four ruling that is problematic.

concluding paragraph, which does not coincide with the actual RFC determination:

> In sum, the record demonstrates that the claimant is limited to light work with additional postural limitations to accommodate her lumbar and cervical spine disease. She is also limited to frequent reaching and fine manipulation due to her complaints of hand numbness. She has additional mental limitations of simple and repetitive tasks, not in a fast-paced environment, with simple decisions and few workplace changes, and limited contact with others. These limitations account for the claimant's anxiety, panic disorder, and depression.

(Tr. 25). This short summary of the ALJ's various conclusions does not provide sufficient explanation of the underlying analysis to "permit meaningful review" of the ALJ's RFC formulation. Jones, 364 F.3d at 505. Instead, it is merely a conclusory summary of various determinations which do not line up with the ultimate RFC formulation. This summary paragraph says very little about the reasoning that connects the evidence of record to the intermediate inferences: it leaves a gap between the evidence of record and the ALJ's conclusions that Plaintiff has the ability to perform light work with the stated additional limitations. Absent an explanation of how the evidence supports the inferences in the summary paragraph, the Court will not speculate as to the ALJ's reasoning. See Zigarelli v. Comm'r Soc. Sec., 2019 U.S. Dist. LEXIS 127238, 2019 WL 3459080, at *4 n.3 (D.N.J. July 30, 2019) ("[I]t is not for this Court to speculate as to the ALJ's thought processes, and so the Court will not.").

The ALJ further fails to bridge the gap between the summary paragraph and the stated RFC determination, which includes numerous limitations that lack an evidentiary basis. This means the RFC determination itself does not "permit meaningful review." The RFC determination reads as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can stand and/or walk for 6 hours in an 8-hour workday with normal breaks, sit up to 6 hours in an 8-hour workday with normal breaks, lift

> or carry 20 pounds occasionally and 10 pounds frequently, and occasionally climb ramps and stairs but never climb ladders, ropes, and scaffolds; occasionally stop, kneel, and crouch, but never crawl, and frequently reach, handle, and finger; can tolerate moderate office noise; is able to apply common sense to remember, understand, and carry out detailed but uninvolved instructions in the performance of simple, routine and repetitive tasks; in work environment free of fast-paced production requirements such as working on a conveyor belt; involving only simple work-related decisions, with few if any workplace changes; and no more than minimal superficial interaction with the public and occasional interaction with co-workers or supervisors.

(Tr. 20). This determination is devoid of any explanation for many of these stated limitations, and many of them are not discussed at all in the RFC analysis. For example, though the ALJ states that Plaintiff "can tolerate moderate office noise," the decision is bare of any evidence or discussion supporting this conclusion. It is unclear what it means to "tolerate moderate office noise" or why Plaintiff can tolerate "moderate office noise" but not, say, "excessive office noise." The ALJ does not tie this limitation to any evidence of record, nor to the summary paragraph. The same goes for the ALJ's determination that the Plaintiff can "carry out detailed but uninvolved instructions" at work. Such a statement, absent any evidence supporting this conclusion in the record, leaves this Court to wonder what exactly are "detailed by uninvolved instructions" and what evidence supports the determination that Plaintiff has this limitation? In other words, the ALJ fails to bridge the gap between the evidence discussed and her summary paragraph, as well as the large gap between the summary paragraph and the limitations actually stated in the RFC. Absent explanation that suffices to establish such a connection, the step four determination fails to meet the requirements established by Burnett.

In opposition, the Commissioner essentially restates in summary form the content of the ALJ's discussion of the RFC determination, arguing that the determination is supported by

substantial evidence. The Commissioner, however, does not make any demonstration that the ALJ provided explanations of reasoning that connected the specific provisions of the physical RFC restated in the concluding paragraph to the specific pieces of evidence of record. Nor does the Commissioner offer, for example, any explanation of what "additional postural limitations to accommodate her lumbar and cervical spine disease" means in terms of specific postural limitations, nor any discussion that links those unspecified limitations to the underlying evidence of lumbar and cervical spine disease. Was the ALJ basing these unspecified limitations on the report from orthopedic consultant Dr. Hoffman and, if so, what were Dr. Hoffman's particular findings that support particular postural limitations? This Court cannot meaningfully review the RFC determination in the absence of these explanations. In sum, the ALJ did not sufficiently explain her findings "to permit meaningful review." Jones, 364 F.3d at 505. And where a court cannot meaningfully review an ALJ's decision, "remand is warranted." Hendry v. Comm'r of Soc. Sec., 2018 U.S. Dist. LEXIS 165200, 2018 WL 4616111, at *15 (D.N.J. Sept. 26, 2018).

For the reasons set forth above, this Court finds that the Commissioner's decision is not amenable to meaningful judicial review, pursuant to Burnett, and the decision of the Commissioner is vacated and remanded for further proceedings in accordance with this Opinion.

s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: October 1st, 2026